UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-893 |
| | § | |
| ESMERALDA RODRIGUEZ-SEGUNDO | § | |

**ORDER DENYING MOTION TO AMEND SENTENCE 3582(c)**

Pending before the Court is Esmeralda Rodriguez-Segundo's motion to amend her sentence. D.E. 45. Rodriguez-Segundo was sentenced to 46 months in the Bureau of Prisons in April 2009 based upon her guilty plea to the charge of illegal reentry. D.E. 24. At that time she was also sentenced to six months based upon her plea of true to two counts of violation of her supervised release in another case. The sentences are consecutive. D.E. 36 at 30-33.

Rodriguez-Segundo seeks modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2). She claims that the November 2010 amendment to the Sentencing Guidelines § 2L1.2 (cultural assimilation) applies. Section 3582(c)(2) allows a district court to shorten a term of imprisonment when it is based upon a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); U.S. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is U.S.S.G. § 1B1.10. Id. Section 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Rodriguez-Segundo seeks to apply must, therefore, be listed in that section. See, e.g., U.S. v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831. Amendment 740 which amended the application of cultural

assimilation permits, but does not require, the district court to consider a number of factors in deciding whether to downwardly depart from a properly calculated Guideline sentence. Amendment 740 does not reduce the applicable Guideline range. Moreover, Amendment 740, is not listed in § 1B1.10(c) and is therefore, not retroactive. Therefore, a reduced sentence is not authorized.  U.S.S.G. § 1B1.10(a); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Accordingly, the Court concludes that Rodriguez-Segundo is not entitled to a reduction of sentence.

For these reasons, Rodriguez-Segundo's motion to amend (D.E. 45) is DENIED.

SIGNED and ORDERED this 21st day of April, 2011.

_____
Janis Graham Jack
United States District Judge